IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

JOSHUA J. BELOW, by his Guardian, DEBRA BELOW, CHARLIE ELIZABETH BELOW and PATRICK JOSHUA BELOW,

    Plaintiffs,

and

DEAN HEALTH PLAN, INC.,

    Involuntary Plaintiff,

  v.

YOKOHAMA TIRE CORPORATION, ABC INSURANCE COMPANY, YOKOHAMA CORPORATION OF AMERICA, DEF INSURANCE COMPANY, YOKOHAMA CORPORATION OF NORTH AMERICA, GHI INSURANCE COMPANY, YOKOHAMA TIRE MANUFACTURING VIRGINIA, LLC, JKL INSURANCE COMPANY, YOKOHAMA RUBBER COMPANY, LTD. and MNO INSURANCE COMPANY,

    Defendants.

ORDER

15-cv-529-wmc

───────────────────────────────────────────────

In this civil action, plaintiffs allege that defendants, including Yokohama Tire Manufacturing Virginia, LLC, are liable for money damages arising out of a rollover incident resulting from a tire tread separating from a tire on plaintiff Joshua J. Below's vehicle. (Compl. (dkt. #2) ¶ 20.) Invoking this court's diversity jurisdiction, defendants have removed this action pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1). (Not. of Removal (dkt. #1) ¶¶ 5, 13.) Because the allegations in the notice of removal

1

and complaint are insufficient to determine whether diversity jurisdiction actually exists, defendants will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contend in their notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are completely diverse. (Not. of Removal (dkt. #1) ¶ 5.) For the latter to be true, however, no plaintiff can be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Defendants' allegations as to the citizenship of all parties prevent this court from determining whether this is so.

and complaint are insufficient to determine whether diversity jurisdiction actually exists, defendants will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contend in their notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are completely diverse. (Not. of Removal (dkt. #1) ¶ 5.) For the latter to be true, however, no plaintiff can be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Defendants' allegations as to the citizenship of all parties prevent this court from determining whether this is so.

With respect to defendant Yokohama Tire Manufacturing Virginia, LLC, the defendants have not alleged sufficient information to determine whether complete diversity exists here because "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the notice of removal lacks *any* allegations regarding the name or the citizenship of any member of defendant Yokohama Tire Manufacturing Virginia, LLC. Instead, defendants allege that Yokohama Tire Manufacturing Virginia, LLC is "incorporated in the State of Virginia and has its principal place of business and office in the State of Virginia." (Not. of Removal (dkt. #1) ¶ 10.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in determining the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).[1]

Before dismissing this action for lack of subject matter jurisdiction, defendants will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging the names and citizenship of each member of defendant Yokohama Tire Manufacturing Virginia, LLC.

---

[1] In alleging the LLC's citizenship, plaintiff should be aware that if any members of the LLC are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well because "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) defendants shall have until September 7, 2015, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 24th day of August, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge