UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JOSHUA J. BELOW, by his Guardian,
DEBRA BELOW, CHARLIE
ELIZABETH BELOW and
PATRICK JOSHUA BELOW, et al.  Case No: 15-cv-00529-wmc

    Plaintiffs,
and

DEAN HEALTH PLAN, INC.,

    Involuntary Plaintiff,

and

STAR BLUE BELOW-KOPF by her
Guardian ad Litem, Teresa K. Kobelt,

    Intervening Plaintiff,

-vs-

YOKOHAMA TIRE CORPORATION,
ABC INSURANCE COMPANY, YOKOHAMA
CORPORATION OF AMERICA, DEF INSURANCE
COMPANY, YOKOHAMA CORPORATION OF
NORTH AMERICA, GHI INSURANCE COMPANY,
YOKOHAMA TIRE MANUFACTURING
VIRGINIA, LLC, JKL INSURANCE COMPANY,
YOKOHAMA RUBBER COMPANY, LTD. and
MNO INSURANCE COMPANY,

    Defendants.

**YOKOHAMA DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS BY KEVIN SCHUTZ**

Defendants, Yokohama Tire Corporation, Yokohama Corporation of America, Yokohama Corporation of North America, Yokohama Tire Manufacturing Virginia, LLC, and Yokohama Rubber Company, Ltd. (collectively, "Yokohama Defendants") file this Motion to

Exclude Certain Opinions by Kevin Schutz.[1]

Schutz's opinions that Below cannot and will not be able to work as a plumber based on his diagnosis and prognosis are given without the proper qualifications. Furthermore, Schutz cannot refer to medical diagnoses and prognoses by other, qualified professionals that support his conclusions. Finally, Schutz's assumption that all of Below's present disability was caused by the 2013 accident is legally compromised because he does not separate his most recent injuries from his pre-existing physical and cognitive injuries.

I. **IT IS PLAINTIFFS' BURDEN TO ESTABLISH THAT SCHUTZ'S TESTIMONY SATISFIES THE STANDARDS FOR ADMISSIBILITY.**

For expert testimony to be admissible, an expert must offer a reliable and relevant opinion based on established principles and methods in the scientific community. FED. R. EVID. 702; *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). It is Plaintiffs' burden to meet this test. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir 2009) (the party offering the expert testimony bears the burden of proof as to whether the admissibility requirements are met).

The Supreme Court focused on the meaning of reliability in the landmark *Daubert* decision, providing a non-exclusive list of factors that may be considered[2] in evaluating whether a theory or technique is reliable. *Daubert*, 509 U.S. at 592-93. The Court in the *Kumho Tire* decision further made clear that the district court must undertake this evaluation not only with respect to "scientific" testimony, but to all expert testimony. *Kumho Tire*, 526 U.S. at 147-150.

---

[1] Yokohama has not yet taken the deposition of Kevin Schutz. It has been scheduled for January 31, 2017. Yokohama reserves the right to supplement this motion with additional background information supporting its arguments when the transcript of this deposition is received.
[2] *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 138 (1999) ("The *Daubert* factors do *not* constitute a definitive checklist or test.") (emphasis in the original).

To be relevant, the testimony must "assist the trier of fact with a fact at issue." *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 586 (7th Cir. 2000). The district court functions as a gatekeeper whose must "keep experts within their proper scope, lest apparently scientific testimony carry more weight with the jury than it deserves." *DePaepe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998).

In accordance with these decisions, the Seventh Circuit has explained that a district court's analysis of expert testimony to determine its admissibility requires a three-step analysis. *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007) (the court must analyze the proposed testimony using a three-step analysis which examines qualifications, reliability, and relevance). An expert must be qualified, his opinions must be reliable, and his conclusions must be relevant and helpful to the jury by being strongly grounded in the actual facts, not on unproven assumptions.

**A. An Expert Whose Opinion Departs from the Areas in which He Possesses Superior Knowledge Is Not Qualified.**

Before anything else, the court must determine whether the expert is qualified in the relevant field. *Id.* at 904. "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness's testimony." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010) (quoting *Carroll v. Otis Elevator Co.*, 896 F.2d 210, 212 (7th Cir. 1990)).

A psychologist may be qualified to diagnose and treat mental disorders (such as depression), but that does not mean that he would be qualified to testify as to other related concepts such as the physical cause of the disorder. *Larson v. Wisconsin Central Ltd.*, 2012 WL 266877, at *2 (E.D. Wisc. 2012). For this reason, a psychologist is not qualified to testify concerning medical diagnosis or medical causation. *Eversole v. H. & J. Trucking, Inc.*, 2010 WL

3

9589559, at *2 (S.D. Ind. June 4, 2010). Furthermore, an expert who intends to give an opinion concerning the professional standards of a trade must demonstrate expertise in that field or he is not qualified. *Cf. Sanders v. City of Chicago Heights*, 2016 WL 4398011, at *9 (N.D. Ill. Aug. 18, 2016). However, the court's analysis does not end with his qualifications.

B. **An Expert Who Offers an Unreliable Opinion Must Be Excluded.**

Even if an expert is qualified to offer an opinion, the court must examine the methodology used by the expert to ensure that it is valid and reliable. *Ervin*, 492 F.3d at 904. The Seventh Circuit has warned that even "[a] supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some *recognized* scientific method." *Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir. 1999) (emphasis added); *see Weir v. Crown Equip. Corp.*, 217 F.3d 453, 464 (7th Cir. 2000) (noting that, even if an expert is qualified, a court should not allow an expert to offer an opinion that does not rely on proper methodologies and is "speculative.").

C. **An Expert Who Offers an Opinion Not Grounded in Actual Facts Does Not Help the Jury and Must Be Excluded.**

Finally, the court must affirm that the expert's testimony is relevant. To be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* Whereas an expert may assist the trier of fact, he may not override a jury's fact determination with his own unsupported and unreliable conclusions. *Clark*, 192 F.3d at 759 ("Where the proffered expert offers nothing more than a 'bottom line' conclusion, he does not assist the trier of fact.") (citations omitted). In recognition of this potential danger, the Supreme Court has held that, although an expert may extrapolate from reliable data to arrive at an opinion:

> [n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

4

*General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Thus, an expert who offers an opinion based on assumptions that depart from the underlying facts as they actually exist does not offer a relevant or helpful opinion.

**II.　KEVIN SCHUTZ'S OPINIONS MUST BE EXCLUDED UNDER THE ABOVE-OUTLINED STANDARDS.**

Schutz's opinions must be excluded because either he is not qualified or his opinions are not reliable or relevant (*i.e.*, are not helpful to the jury due to an analytical gap).

**A.　The Opinion That Below May Not Be Able to Work as a Plumber Is Offered without the Necessary Qualification and It Is Not Relevant.**

**1.　Schutz is not qualified to opine as to the standards required of a master plumber.**

Kevin Schutz is a psychologist. He lacks the information concerning the duties of a master plumber that would support the affirmative opinion that Below cannot work in that role. Furthermore, a psychologist is not generally qualified to testify concerning medical theories and opinion. *Eversole*, 2010 WL 9589559, at *2; *see also Larson v. Wisconsin Cet. Ltd.*, 2012 WL 266877, at *2 (E.D. Wis. 2012) (a psychologist cannot offer an opinion concerning medical causation). As a non-medical doctor, Schutz lacks the qualifications to give a medical opinion concerning Below's physical and cognitive status, the cause of any medical disabilities, or the diagnosis of the impact of his cognitive or physical shortcomings.

**2.　Schutz's opinion is *ipse dixit* because it is at odds with the underlying medical and psychological facts.**

Yet another problem with Schutz's opinions is that they are *ipse dixit* and lack relevance. He assumes that Below cannot work as a plumber – now or ever. But the underlying medical and cognitive/vocational evaluations (which Schutz relies upon) say just the opposite.

Below's physician noted in March 2014 (only six months after the accident) that Below "is **very close to his baseline** in regards to function." Ex. A at 284 (Dean Clinic 1/6/12 –

7/25/15) (emphasis added). Months later, after undergoing speech therapy, his therapist concluded that "his cognitive status profile from the NCSE **now reveals average performance in all areas**" in October 2014. Ex. A at 547 (Dean Clinic 1/6/12 – 7/25/15) (emphasis added). Below's neurological status in April 2015 was that he "is **currently functioning at a very high level**." Ex. A at 616 (Dean Clinic 1/6/12 – 7/25/15) (emphasis added). His evaluator questioned the need for the guardianship and believed that his abilities could permit him to resume some plumbing tasks. Ex. A at 618 (Dean Clinic 1/6/12 – 7/25/15).

Schutz cannot simply give the jury a "bottom line" opinion without the benefit of facts supporting his assumptions and conclusions. *Clark*, 192 F.3d at 759. Such an opinion is not helpful to the jury and is not relevant. *Joiner*, 522 U.S. at 146. Because Schutz's opinions are based on the assumption of facts that are not true, they lack a foundation in the actual facts, revealing a analytical gap. Therefore, they are not relevant or helpful to the jury. These opinions should be excluded as *ipse dixit*.

### B. The Opinion That 100% of Below's Current Disability Arises from His Latest Auto Accident Is Neither Reliable Nor Relevant.

It is the plaintiff's burden to establish that his injuries were caused by the accident in issue and not from a pre-existing injury suffered in another accident. *Lautenschlager v. Hamburg*, 41 Wis.2d 623, 632-34 (1969); *Tate v. Gen. Cas. Co. of Wisc.*, 2001 WL 139012, at *5 (Wis. App. Feb. 20, 2001) (Plaintiff "had the burden to establish that his damages were the result of the 1995 accident."). The jury may not award any damages for a preexisting injury unless there is evidence that the accident made that injury worse than it already was. *Kablitz v. Hoeft*, 25 Wis.2d 518, 523-24 (1964). Expert testimony is necessary for the jury to make this determination. *Coryell v. Conn*, 88 Wis.2d 310, 316 (1979) ("Where, as here, an injury is subjective and a layman cannot know if it will continue, expert medical testimony is necessary

with regard to permanency and future pain and suffering."); *Gumz v. Northern States Power Co.*, 305 Wis.2d 263, 294 (2007).

Below's medical history show that he suffered a moderate to severe head injury in 1996 when he was a passenger in two motor vehicle accidents. Ex. B (Report of Dr. Janyna Mercado, Ph.D.). Furthermore, he seriously injured his right hand in one of these accidents. The injuries resulted in a pre-existingg traumatic brain injury and a chronic, worsening disfunction in his right hand. Schutz ignores this medical history.

Schutz not only fails to distinguish Below's prior injuries. Indeed, he refuses to acknowledge that a prior injury even exists.

> Historically, Mr. Below worked and earned as a self-employed plumber. He had no history of medical conditions or pre-injury functional deficits that interfered with his ability to perform the requirements of work in that field.

Ex. C at 9 (Report of Denis Schutz). In short, he does nothing but provide a "bottom line" to the jury without connecting the dots between the data and his conclusion. *Clark*, 192 F.3d at 759. Wisconsin law requires Schutz's expert testimony. *Coryell*, 88 Wis.2d at 316; *Lautenschlager*, 41 Wia.2d at 632-34. As he his analysis does not account for Below's prior injuries, there is an analytical gap in his reasoning and his conclusions are, therefore, not relevant or helpful to the jury and must be excluded.

## CONCLUSION AND PRAYER

Schutz's opinions that Below's injuries prevent him from working as a master plumber and that all of his injuries were caused by the present accident must be excluded. Shutz lacks qualifications, does not provide a reliable methodology, and leave analytical gaps in his reasoning that render his opinions inadmissible and unhelpful to the jury. These opinions should be excluded.

Respectfully Submitted,

KASDORF, LEWIS & SWIETLIK, S.C.
Attorneys for Defendants,
Yokohama Tire Corporation, Yokohama Corporation of America, Yokohama Tire Manufacturing Virginia, LLC, Yokohama Corporation of North America, Yokohama Rubber Company, Ltd.

By: /s/ James J. Kriva
James J. Kriva 1018408
jkriva@kasdorf.com
11270 W. Park Place, 5th Floor
Milwaukee, WI 53224
Telephone: (414) 577-4000
Facsimile: (414) 577-4400

**JOHNSON, TRENT, & TAYLOR, L.L.P.**
Attorneys for Defendants,
Yokohama Tire Corporation, Yokohama Corporation of America, Yokohama Tire Manufacturing Virginia, LLC, Yokohama Corporation of North America, Yokohama Rubber Company, Ltd.

By: /s/ Raphael C. Taylor
T. Christopher Trent, *Pro Hac Vice*
ctrent@johnsontrent.com
Texas State Bar No. 20209400
Federal Bar No. 14244
Raphael C. Taylor, *Pro Hac Vice*
rtaylor@johnsontrent.com
Texas State Bar No. 00788514
Federal Bar No. 17278
919 Milam, Suite 1700
Houston, Texas 77002
Telephone: (713) 222-2323
Facsimile: (713) 222-2226

**CERTIFICATE OF SERVICE**

    I certify that, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document was served upon all counsel of record on the 27th day of January, 2017.

| | |
|---|---|
| Mr. Daniel A. Rottier<br>HABUSH HABUSH & ROTTIER S.C.<br>150 E. Gilman St., Suite 2000<br>Madison, WI 53703 | *Via E-Serve* |
| Ms. Teresa Kobelt<br>WESTMONT LAW OFFICES S.C.<br>1837 Aberg Ave.<br>Madison, WI 53704 | *Via E-Serve* |
| Ms. Jamie Stock-Retzloff<br>DEAN HEALTH PLAN, INC.<br>1277 Deming Way<br>Madison, WI 53717 | *Via E-Serve* |

                                                       */s/ Raphael C. Taylor*

                                                     Raphael C. Taylor

639944.1-12282016