UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JOSHUA J. BELOW
by his Guardian, DEBRA BELOW,
CHARLIE ELIZABETH BELOW., a minor
By her Guardian ad Litem, DANIEL A. ROTTIER,   CASE NO.: 3:15-cv-00529-wmc
PATRICK JOSHUA BELOW., a minor
by his Guardian ad Litem, DANIEL A. ROTTIER,

          Plaintiffs,

DEAN HEALTH PLAN, INC.

          Involuntary Plaintiff,

v.

STAR BLUE BELOW-KOPF

          Intervening Plaintiff,

v.

YOKOHAMA TIRE CORPORATION,
ABC INSURANCE COMPANY,
YOKOHAMA CORPORATION OF AMERICA,
DEF INSURANCE COMPANY,
YOKOHAMA CORPORATION OF NORTH AMERICA,
GHI INSURANCE COMPANY,
YOKOHAMA TIRE MANUFACTURING VIRGINIA, LLC.,
JKL INSURANCE COMPANY,
YOKOHAMA RUBBER COMPANY, LTD.,
MNO INSURANCE COMPANY.

          Defendants

---

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION IN LIMINE #1:
BAR EVIDENCE RELATING TO ISSUES
BETWEEN THE BELOW FAMILY AND JOSHUA BELOW'S EX-WIFE**

The above-named plaintiffs, by their attorneys, Habush Habush & Rottier S.C.®, move the Court to issue an order granting plaintiffs' Motion in Limine and excluding introduction of any testimony about or reference to acrimony between the Below family and Joshua Below's ex-wife, Jen Kopf. Ms. Kopf has been listed as a witness by defendants.

Mr. Below has been divorced from Jen Kopf since 2003. (Doc. 82: J. Below dep. at 23). The relationship between Joshua Below and Ms. Kopf, as well as between Ms. Kopf and other members of Joshua Below's family, has been acrimonious. There have been disputes over issues including placement of Mr. Below and Ms. Kopf's daughter, Star. (Doc. 80: D. Below dep. at 21-23). No evidence of either the acrimony or placement disputes should be admissible at trial.

Only relevant evidence is admissible. Fed. R. Evid. 402. Relevancy requires "that there be a link between the evidence offered and the proposition that is sought to be proved." Blinka, 7 Wis. Prac., *Wis. Evidence* § 401.102 (3d ed.) and Fed. R. Evid. 401. No such link can be established between this evidence and any issue for trial. No issue relates to Mr. Below's relationship with his ex-wife or to their disputes over placement of their child.

Rule 403 permits exclusion of even relevant evidence in order to ensure against the "likelihood that the evidence will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented...." *West v. Love*, 776 F.2d 170, 174 (7th Cir.1985) (quoting *United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir.1985)). Introduction of such evidence would be aimed at precisely such a response in this case and for that reason, no such evidence should be admissible.

## **CONCLUSION**

For all these reasons, plaintiffs respectfully request that this court grant their motion and declare that no testimony about or reference to acrimony or disputes regarding placement between the Below family and Ms. Kopf may be admitted into evidence.

Dated this 27th day of January, 2017.

                                      HABUSH HABUSH & ROTTIER S.C.®
                                      Attorneys for Plaintiffs


By:     /s/ Daniel A. Rottier
           Daniel A. Rottier
           State Bar No.: 1016998
           Christopher E. Rogers
           State Bar No.: 1020946