Atkinson-Baker Court Reporters
www.depo.com

```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WISCONSIN
 2
    JOSHUA J. BELOW                  )
 3  by his Guardian, DEBRA BELOW     )
    CHARLIE ELIZABETH BELOW, a       )CASE NO. 3:15-cv-00529-wmc
 4  minor by her Guardian ad Litem)
    DANIEL A. ROTTIER, PATRICK       )
 5  JOSHUA BELOW, a minor by his     )
    Guardian ad Litem, DANIEL        )
 6  A. ROTTIER                       )
                                     )
 7              Plaintiffs,          )
                                     )
 8  DEAN HEALTH PLAN, INC.           )
                                     )
 9        Involuntary Plaintiff,     )
                                     )
10  v.                               )
                                     )
11  STAR BLUE BELOW-KOPF             )
                                     )
12          Intervening Plaintiff,)
                                     )
13  v.                               )
                                     )
14  YOKOHAMA TIRE CORPORATION,       )
    ABC INSURANCE COMPANY,           )
15  YOKOHAMA CORPORATION OF          )
    AMERICA, DEF INSURANCE COMPANY)
16  YOKOHAMA CORPORATION OF NORTH    )
    AMERICA, GHI INSURANCE COMPANY)
17  YOKOHAMA TIRE MANUFACTURING      )
    VIRGINIA, LLC., JKL INSURANCE    )
18  COMPANY, YOKOHAMA RUBBER         )
    COMPANY, LTD., NMO INSURANCE     )
19  COMPANY,                         )
            DEFENDANTS               )
20
    ************************************************************
21                   ORAL DEPOSITION OF
                     BRIAN PIPER, Ph.D.
22                   FEBRUARY 9, 2017
    ************************************************************
23

24

25
```

Page 1

Brian Piper, Ph.D.
February 9, 2017

Atkinson-Baker Court Reporters
www.depo.com

## Page 2

```
 1        ORAL DEPOSITION of BRIAN D. PIPER, Ph.D.
 2   produced as a witness at the instance of the Plaintiffs
 3   and duly sworn, was taken in the above-styled and
 4   numbered cause on the 9th day of February, 2017, from
 5   3:17 p.m. to 3:26 p.m., before Rebecca Jones, Certified
 6   Shorthand Reporter in and for the State of Texas,
 7   reported by computerized stenotype machine, at Research
 8   & Planning Consultants, 6300 La Calma Drive, Suite 170,
 9   Austin, Texas 78752, pursuant to the Texas Rules of
10   Civil Procedure and the provisions stated on the record
11   or attached hereto.
12
13              ATKINSON-BAKER, INC.,
                AMERICA'S COURT REPORTERS
14            (800) 288 3376  www.depo.com
                ABI FILE NO. AB00E84
```

## Page 4

```
              I N D E X
          ORAL DEPOSITION OF
           BRIAN D. PIPER, PH.D.
                                      Page
    Appearances..........................  3
    BRIAN D. PIPER, PH.D.
       Examination By Mr. Rottier.......   5
    Signature............................ 11
    Reporter's Certificate...............12-15
```

## Page 3

```
              APPEARANCES

FOR THE PLAINTIFFS:
   MR. DANIEL A. ROTTIER
   HABUSH HABUSH & ROTTIER, S.C.
   150 E. Gilman Street, #2000
   Madison, WI 53703
   Telephone: 608.255.6663
   Fax: 608.255.0745
   E-mail: rottier@habush.com

FOR THE DEFENDANTS:

   MR. JARED FLYNN
   JOHNSON TRENT
   919 Milam, Suite 1700
   Houston, Texas 77002
   Telephone: 713.222.2323
   Fax: 713.222.2226
   E-mail: jflynn@johnsontrent.com

         - and -

   MR. JAMES KRIVA
   KASDORF LEWIS & SWIETLIK
   One Park Plaza, 11270
   West Park Place 5th Floor
   Milwaukee, WI 53224
   Telephone: 414.577.4000
   Fax: 414.577.4400
   E-mail: jkriva@kasdorf.com
```

## Page 5

```
 1              BRIAN D. PIPER, Ph.D.,
 2   having been first duly sworn, testified as follows:
 3                    EXAMINATION
 4   BY MR. ROTTIER:
 5      Q.  Would you state your full name, please?
 6      A.  My name is Brian Douglas Piper.
 7      Q.  Mr. Piper, you have been disclosed as an expert
 8   by counsel for the Yokohama Defendants in the Below
 9   case.  Are you aware of that?
10      A.  I didn't quite understand what you said.  I
11   have been what?
12      Q.  Disclosed as an expert --
13      A.  Okay.
14      Q.  -- by counsel for the Yokohama Defendants in
15   the Below case.  I assume you are aware of that?
16      A.  Yes, I am.
17      Q.  In that connection you co-authored a report
18   dated June 16, 2016; is that right?
19      A.  I did.
20      Q.  As I understand it, you hold a Ph.D. in
21   economics, which you obtained in 2012, correct?
22      A.  That is correct.
23      Q.  And you are employed by Research & Planning
24   Consultants, L.P., of Austin, Texas, correct?
25      A.  That is also correct.
```

Atkinson-Baker Court Reporters
www.depo.com

**Page 6**

1  Q. Why did you leave your position at Sam Houston
2  State University?
3  A. For the final two years I had been working at
4  Sam Houston State University, I was living in Austin and
5  commuting out to Huntsville and I was weary of that
6  commute and decided I wanted to find employment much
7  closer to home and so I left academia and entered
8  consulting.
9  Q. We only have a few questions. As I read the
10 report, you agree that a reasonable net rate of discount
11 for any future earning capacity lost would be
12 1.5 percent; is that right?
13 A. We found that to be within the range of what we
14 would call reasonable values and adopted it for the
15 purposes of our report.
16 Q. Okay. I'm not talking about "we," I'm talking
17 about you.
18    Is it your opinion that 1.5 percent is a
19 reasonable net rate of discount when applied to a future
20 impairment of earning capacity in the Below case?
21 A. I found it to be within the range of reasonable
22 values and adopted it for this report.
23 Q. I have a question about Figure 3 of your
24 report. It's the worklife probability. Would you look
25 at that, please?

**Page 7**

1  A. I'm on Figure 3.
2  Q. If you look at the data sources that you cite,
3  to what age is it 50 percent or more likely that a
4  person would be able to work?
5  A. That question is not something I can directly
6  answer by looking at this because ability has two
7  components. What we're measuring here in Table 3 is the
8  ability of someone who we have already conditioned on
9  being alive. And so to answer your question would
10 involve combining information from more than one source.
11 Q. Well, does the source you cited in Figure 3 of
12 the report show probability of ability to work beyond
13 age 67?
14 A. It does but, again, that's conditioned on the
15 assumption that the individual is still alive, that
16 probability is not in this table, it is elsewhere.
17 Q. In Table 2?
18 A. Yes.
19 Q. Do the figures that you relied upon in Figure 3
20 already reflect the departure from the work community
21 for people who died prematurely?
22 A. No.
23 Q. So, for example, if we looked at probability of
24 able to work at age 40, you are saying that is already
25 factored out, those people who died, prior to age 40?

**Page 8**

1  A. No, I'm saying the opposite. That this table
2  is only dealing with those individuals who are still
3  alive in Figure 3.
4  Q. It is correct, then, in Figure 3 there is data
5  showing that people are able to work beyond 67, correct?
6  A. There is data indicating that those people who
7  are still alive, some fraction of them, are able to work
8  past age 67.
9  Q. Well, we know from Figure 2 that 83 percent of
10 the people are alive at age 67, correct?
11 A. 82.96 percent of the people who are alive at
12 age 38, are alive at age 67.
13 Q. Okay. And when does that hit 50 percent, if
14 you know?
15 A. I don't know the combination or the product of
16 those off the top of my head.
17 Q. Is that shown in the table that you cited,
18 Figure 2?
19 A. No. Again, it would be a combination of
20 tables. It would not be found in either Figure 2 or
21 Figure 3 alone.
22 Q. My question was: Does the reference you show
23 in Figure 2 continue on to show what percentage of
24 people who are alive at age 38, remain alive beyond 67?
25 A. Oh, yes, that table could have been continued,

**Page 9**

1  I believe, to age 100.
2  Q. And do you know when that table shows that
3  50 percent continue to survive, assuming they were alive
4  at age 38?
5  A. I do not know that off the top of my head, no.
6  Q. Okay. Is it correct that you have no
7  independent opinion as to whether or not Mr. Below has
8  an impairment of current earning capacity?
9  A. I do not have any vocational opinions on this
10 case and I would classify the characterization of his
11 earning capacity a vocational opinion. So I rely upon a
12 vocational expert but do not independently have an
13 opinion about that matter.
14 Q. Would it be correct that if you relied upon
15 Plaintiffs' expert, Mr. Schultz, your opinions would be
16 altered in terms of the present value of Mr. Below's
17 future impairment of earning capacity?
18 A. If I relied on any different source for a
19 vocational conclusion, if it was any different than the
20 current opinion I'm relying on, that would change my
21 calculation.
22 Q. Well, I was asking in particular about
23 Mr. Schultz, whose report was attached to your report.
24 Your answer would remain, yes; is that correct?
25 A. My answer is that if I had any different source

3 (Pages 6 to 9)

### Page 10

```
 1  that I relied upon for vocational conclusion, it would
 2  potentially change my calculations.
 3      Q.  Yeah, but just try to answer my question.  It's
 4  not that difficult.  Is it correct if you relied upon
 5  Mr. Schultz' opinions, your opinions regarding present
 6  value of future impairment of earning capacity for
 7  Mr. Below would be different?
 8          MR. FLYNN:  Objection, form.
 9      A.  Yes.  Mr. Schultz' or any other opinion would
10  change the basis on which I formed my calculations and
11  then changed the calculations themselves.
12          MR. ROTTIER:  Move to strike everything
13  after the word "yes" as being nonresponsive.
14          Those are all of my questions.  Thank you.
15          MR. FLYNN:  We will reserve.  No further.
16  We will read and sign.
17          THE REPORTER:  Do you need a copy, Jared?
18          MR. FLYNN:  Yes, I do.
19          THE REPORTER:  Do you want it e-mailed
20  only or hard copy, as well?
21          MR. FLYNN:  Do you have just a normal --
22  just the package where we get an e-tran and hard copy?
23          THE REPORTER:  Yes.
24          MR. FLYNN:  Let's do that package.
25          (Deposition concluded 3:26 p.m.)
```

### Page 11

```
 1   I, BRIAN D. PIPER, have read the foregoing
     deposition and hereby affix my signature that same
 2   is true and correct, except as noted above.
 3
 4
            _____
 5             BRIAN D. PIPER
 6
 7
 8
     THE STATE OF_____)
 9
     COUNTY OF_____)
10
11
     Before me, _____, on this day
12   personally appeared BRIAN D. PIPER, known to me (or
     proved to me under oath or through_____)
13   (description of identity card or other document)) to
     be the person whose name is subscribed to the
14   foregoing instrument and acknowledged to me that
     they executed the same for the purposes and
15   consideration therein expressed.
16   Given under my hand and seal of office this
     ____day of _____, _____.
17
18
            _____
19              NOTARY PUBLIC IN AND FOR
                THE STATE OF _____
20
21
22
23
24
25
```

### Page 12

```
 1           UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WISCONSIN
 2
     JOSHUA J. BELOW            )
 3   by his Guardian, DEBRA BELOW )
     CHARLIE ELIZABETH BELOW, a  )CASE NO. 3:15-cv-00529-wmc
 4   minor by her Guardian ad Litem)
     DANIEL A. ROTTIER, PATRICK  )
 5   JOSHUA BELOW, a minor by his )
     Guardian ad Litem, DANIEL   )
 6   A. ROTTIER                  )
                                 )
 7      Plaintiffs,              )
                                 )
 8   DEAN HEALTH PLAN, INC.      )
                                 )
 9      Involuntary Plaintiff,   )
                                 )
10   v.                          )
                                 )
11   STAR BLUE BELOW-KOPF        )
                                 )
12      Intervening Plaintiff,)
                                 )
13   v.                          )
                                 )
14   YOKOHAMA TIRE CORPORATION,  )
     ABC INSURANCE COMPANY,      )
15   YOKOHAMA CORPORATION OF     )
     AMERICA, DEF INSURANCE COMPANY)
16   YOKOHAMA CORPORATION OF NORTH )
     AMERICA, GHI INSURANCE COMPANY)
17   YOKOHAMA TIRE MANUFACTURING )
     VIRGINIA, LLC., JKL INSURANCE )
18   COMPANY, YOKOHAMA RUBBER    )
     COMPANY, LTD., NMO INSURANCE )
19   COMPANY,                    )
        DEFENDANTS               )
20
21           REPORTER'S CERTIFICATION
         ORAL DEPOSITION OF BRIAN D. PIPER, Ph.D.
22           FEBRUARY 9, 2017
23   I, Rebecca Jones, Certified Shorthand Reporter
     in and for the State of Texas, hereby certify to the
24   following:
25
```

### Page 13

```
 1      That the witness, BRIAN D. PIPER, Ph.D., was
     duly sworn by the officer and that the transcript of the
 2   oral deposition is a true record of the testimony given
     by the witness;
 3
        That the deposition transcript was submitted
 4   on _____ to the witness or to the
     attorney for the witness for examination, signature, and
 5   return to me within 20 days;
        That the amount of time used by each party at
 6   the deposition is as follows:
 7
        Daniel Rottier (00 hours:09 minutes)
 8
        That pursuant to information given to the
 9   deposition officer at the time said testimony was taken,
     the following includes counsel for all parties of
10   record:
11   FOR THE PLAINTIFFS (via telephone):
        MR. DANIEL A. ROTTIER
12      HABUSH HABUSH & ROTTIER, S.C.
        150 E. Gilman Street, #2000
13      Madison, Wi 53703
        Telephone: 608.255.6663
14      Fax: 608.255.0745
        E-mail: rottier@habush.com
15
     FOR THE DEFENDANTS:
16
        MR. JARED FLYNN
17      JOHNSON TRENT
        919 Milam, Suite 1700
18      Houston, Texas 77002
        Telephone: 713.222.2323
19      Fax: 713.222.2226
        E-mail: jflynn@johnsontrent.com
20
              - and -
21
        MR. JAMES KRIVA (via telephone)
22      KASDORF LEWIS & SWIETLIK
        One Park Plaza, 11270
23      West Park Place 5th Floor
        Milwaukee, WI 53224
24      Telephone: 414.577.4000
        Fax: 414.577.4400
25      E-mail: jkriva@kasdorf.com
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1       I further certify that I am neither counsel
    for, related to, nor employed by any of the parties or
 2  attorneys in the action in which this proceeding was
    taken, and further that I am not financially or
 3  otherwise interested in the outcome of this action.
 4       Further certification requirements pursuant to
    Rule 203 of TRCP will be certified to after they have
 5  occurred.
 6       Certified to by me this 9th day of February,
 7  2017.
 8
 9            _____
              Rebecca Jones, CSR
10            Texas CSR #4925
              Expiration:  12/31/2018
11            Firm Registration # 32
              Atkinson-Baker, Incorporated
12            500 N. Brand Boulevard
              Third Floor
13            Glendale, California 91203-4725
              818.551.7300; F 818.551.7330
14
15
16
17
18
19
20
21
22
23
24
25
                                             Page 14
```

```
 1       FURTHER CERTIFICATION UNDER RULE 203 TRCP
 2       The original deposition was/was not returned
    to the deposition officer on _____ ;
 3
         If returned, the attached Changes and
 4  Signature page(s) contains any changes and the reasons
    therefor;
 5
         If returned, the original deposition was
 6  delivered to Mr. Daniel A. Rottier, Custodial Attorney;
 7       That $_____ is the deposition officer's
    charges to the Plaintiff, for preparing the original
 8  deposition transcript and any copies of exhibits;
 9       That the deposition was delivered in
    accordance with Rule 203.3, and that a copy of this
10  certificate was served on all parties shown herein on
    and filed with the Clerk.
11
12       Certified to by me this _____ day of
13  _____, 20___.
14
15
16
17
              _____
18            Rebecca Jones, CSR
              Texas CSR #4925
19            Expiration:  12/31/2018
              Firm Registration # 32
20            Atkinson-Baker, Incorporated
              500 N. Brand Boulevard
21            Third Floor
              Glendale, California 91203-4725
22            818.551.7300; F 818.551.7330
23
24
25
                                             Page 15
```

5 (Pages 14 to 15)

Atkinson-Baker Court Reporters
www.depo.com

Page 1

**A**
ABC 1:14 12:14
ABI 2:14
ability 7:6,8,12
able 7:4,24 8:5,7
about 6:16,17,23 9:13,22
above 11:2
above-styled 2:3
AB00E84 2:14
academia 6:7
accordance 15:9
acknowledged 11:14
action 14:2,3
ad 1:4,5 12:4,5
adopted 6:14,22
affix 11:1
after 10:13 14:4
again 7:14 8:19
age 7:3,13,24,25 8:8,10
  8:12,12,24 9:1,4
agree 6:10
alive 7:9,15 8:3,7,10,11
  8:12,24,24 9:3
alone 8:21
already 7:8,20,24
altered 9:16
AMERICA 1:15,16 12:15
  12:16
AMERICA'S 2:13
amount 13:6
answer 7:6,9 9:24,25
  10:3
Appearances 4:4
appeared 11:12
applied 6:19
asking 9:22
assume 5:15
assuming 9:3
assumption 7:15
Atkinson-Baker 2:13
  14:11 15:20
attached 2:11 9:23 15:3
attorney 13:4 15:6
attorneys 14:2
Austin 2:9 5:24 6:4
aware 5:9,15

**B**
basis 10:10
before 2:5 11:11
being 7:9 10:13
believe 9:1
Below 1:2,3,3,5 5:8,15
  6:20 9:7 10:7 12:2,3,3,5
Below's 9:16
BELOW-KOPF 1:11
  12:11
beyond 7:12 8:5,24
BLUE 1:11 12:11
Boulevard 14:12 15:20
Brand 14:12 15:20
Brian 1:21 2:1 4:2,5 5:1,6
  11:1,5,12 12:21 13:1

**C**
C 3:1
calculation 9:21
calculations 10:2,10,11
California 14:13 15:21
call 6:14
Calma 2:8
capacity 6:11,20 9:8,11
  9:17 10:6
card 11:13
case 1:3 5:9,15 6:20 9:10
  12:3
cause 2:4
certificate 4:8 15:10
certification 12:21 14:4
  15:1
certified 2:5 12:23 14:4,6
  15:12
certify 12:23 14:1
change 9:20 10:2,10
changed 10:11
changes 15:3,4
characterization 9:10
charges 15:7
CHARLIE 1:3 12:3
cite 7:2
cited 7:11 8:17
Civil 2:10
classify 9:10
Clerk 15:10
closer 6:7
combination 8:15,19
combining 7:10
community 7:20
commute 6:6
commuting 6:5
COMPANY 1:14,15,16,18
  1:18,19 12:14,15,16,18
  12:18,19
components 7:7
computerized 2:7
concluded 10:25
conclusion 9:19 10:1
conditioned 7:8,14
connection 5:17
consideration 11:15
Consultants 2:8 5:24
consulting 6:8
contains 15:4
continue 8:23 9:3
continued 8:25
copies 15:8
copy 10:17,20,22 15:9
CORPORATION 1:14,15
  1:16 12:14,15,16
correct 5:21,22,24,25 8:4
  8:5,10 9:6,14,24 10:4
  11:2
counsel 5:8,14 13:9 14:1
COUNTY 11:9
COURT 1:1 2:13 12:1
co-authored 5:17
CSR 14:9,10 15:18,18
current 9:8,20
Custodial 15:6

**D**
D 2:1 4:1,2,5 5:1 11:1,5
  11:12 12:21 13:1
Daniel 1:4,5 3:4 12:4,5
  13:7,11 15:6
data 7:2 8:4,6
dated 5:18
day 2:4 11:11,16 14:6
  15:12
days 13:5
dealing 8:2
DEAN 1:8 12:8
DEBRA 1:3 12:3
decided 6:6
DEF 1:15 12:15
Defendants 1:19 3:8 5:8
  5:14 12:19 13:15
delivered 15:6,9
departure 7:20
deposition 1:21 2:1 4:1
  10:25 11:1 12:21 13:2,3
  13:6,9 15:2,2,5,7,8,9
description 11:13
died 7:21,25
different 9:18,19,25 10:7
difficult 10:4
directly 7:5
disclosed 5:7,12
discount 6:10,19
DISTRICT 1:1,1 12:1,1
document 11:13
Douglas 5:6
Drive 2:8
duly 2:3 5:2 13:1

**E**
E 3:1,1,5 4:1 13:12
each 13:6
earning 6:11,20 9:8,11,17
  10:6
economics 5:21
either 8:20
ELIZABETH 1:3 12:3
elsewhere 7:16
employed 5:23 14:1
employment 6:6
entered 6:7
everything 10:12
examination 4:6 5:3 13:4
example 7:23
except 11:2
executed 11:14
exhibits 15:8
expert 5:7,12 9:12,15
Expiration 14:10 15:19
expressed 11:15
E-mail 3:7,12,18 13:14,19
  13:25
e-mailed 10:19
e-tran 10:22

**F**
F 14:13 15:22
factored 7:25
Fax 3:6,12,17 13:14,19,24

February 1:22 2:4 12:22
  14:6
few 6:9
Figure 6:23 7:1,11,19 8:3
  8:4,9,18,20,21,23
figures 7:19
FILE 2:14
filed 15:10
final 6:3
financially 14:2
find 6:6
Firm 14:11 15:19
first 5:2
Floor 3:16 13:23 14:12
  15:21
FLYNN 3:9 10:8,15,18,21
  10:24 13:16
following 12:24 13:9
follows 5:2 13:6
foregoing 11:1,14
form 10:8
formed 10:10
found 6:13,21 8:20
fraction 8:7
from 2:4 7:10,20 8:9
full 5:5
further 10:15 14:1,2,4
  15:1
future 6:11,19 9:17 10:6

**G**
GHI 1:16 12:16
Gilman 3:5 13:12
given 11:16 13:2,8
Glendale 14:13 15:21
Guardian 1:3,4,5 12:3,4,5

**H**
HABUSH 3:4,4 13:12,12
hand 11:16
hard 10:20,22
having 5:2
head 8:16 9:5
HEALTH 1:8 12:8
her 1:4 12:4
hereto 2:11
hit 8:13
hold 5:20
home 6:7
hours:09 13:7
Houston 3:11 6:1,4 13:18
Huntsville 6:5

**I**
identity 11:13
impairment 6:20 9:8,17
  10:6
INC 1:8 2:13 12:8
includes 13:9
Incorporated 14:11 15:20
independent 9:7
independently 9:12
indicating 8:6
individual 7:15
individuals 8:2

information 7:10 13:8
instance 2:2
instrument 11:14
INSURANCE 1:14,15,16
  1:17,18 12:14,15,16,17
  12:18
interested 14:3
Intervening 1:12 12:12
Involuntary 1:9 12:9
involve 7:10

**J**
J 1:2 12:2
JAMES 3:14 13:21
Jared 3:9 10:17 13:16
jflynn@johnsontrent.c...
  3:12 13:19
JKL 1:17 12:17
jkriva@kasdorf.com
  3:18 13:25
JOHNSON 3:10 13:17
Jones 2:5 12:23 14:9
  15:18
JOSHUA 1:2,5 12:2,5
June 5:18
just 10:3,21,22

**K**
KASDORF 3:15 13:22
know 8:9,14,15 9:2,5
known 11:12
KRIVA 3:14 13:21

**L**
La 2:8
leave 6:1
left 6:7
Let's 10:24
LEWIS 3:15 13:22
likely 7:3
Litem 1:4,5 12:4,5
living 6:4
LLC 1:17 12:17
look 6:24 7:2
looked 7:23
looking 7:6
lost 6:11
LTD 1:18 12:18
L.P 5:24

**M**
machine 2:7
Madison 3:5 13:13
MANUFACTURING 1:17
  12:17
matter 9:13
measuring 7:7
Milam 3:10 13:17
Milwaukee 3:16 13:23
minor 1:4,5 12:4,5
minutes 13:7
more 7:3,10
Move 10:12
much 6:6

Brian Piper, Ph.D.
February 9, 2017

Atkinson-Baker Court Reporters
www.depo.com

Page 2

## N

N 3:1 4:1 14:12 15:20
name 5:5,6 11:13
need 10:17
neither 14:1
net 6:10,19
NMO 1:18 12:18
nonresponsive 10:13
normal 10:21
NORTH 1:16 12:16
NOTARY 11:19
noted 11:2
numbered 2:4

## O

oath 11:12
Objection 10:8
obtained 5:21
occurred 14:5
off 8:16 9:5
office 11:16
officer 13:1,9 15:2
officer's 15:7
Oh 8:25
Okay 5:13 6:16 8:13 9:6
one 3:15 7:10 13:22
only 6:9 8:2 10:20
opinion 6:18 9:7,11,13,20 10:9
opinions 9:9,15 10:5,5
opposite 8:1
oral 1:21 2:1 4:1 12:21 13:2
original 15:2,5,7
other 10:9 11:13
otherwise 14:3
out 6:5 7:25
outcome 14:3

## P

P 3:1,1
package 10:22,24
Page 4:3
page(s) 15:4
Park 3:15,16 13:22,23
particular 9:22
parties 13:9 14:1 15:10
party 13:6
past 8:8
PATRICK 1:4 12:4
people 7:21,25 8:5,6,10 8:11,24
percent 6:12,18 7:3 8:9 8:11,13 9:3
percentage 8:23
person 7:4 11:13
personally 11:12
Ph.D 1:21 2:1 4:2,5 5:1,20 12:21 13:1
Piper 1:21 2:1 4:2,5 5:1,6 5:7 11:1,5,12 12:21 13:1
Place 3:16 13:23
Plaintiff 1:9,12 12:9,12 15:7

Plaintiffs 1:7 2:2 3:3 9:15 12:7 13:11
PLAN 1:8 12:8
Planning 2:8 5:23
Plaza 3:15 13:22
please 5:5 6:25
position 6:1
potentially 10:2
prematurely 7:21
preparing 15:7
present 9:16 10:5
prior 7:25
probability 6:24 7:12,16 7:23
Procedure 2:10
proceeding 14:2
produced 2:2
product 8:15
proved 11:12
provisions 2:10
PUBLIC 11:19
purposes 6:15 11:14
pursuant 2:9 13:8 14:4
p.m 2:5,5 10:25

## Q

question 6:23 7:5,9 8:22 10:3
questions 6:9 10:14
quite 5:10

## R

R 3:1
range 6:13,21
rate 6:10,19
read 6:9 10:16 11:1
reasonable 6:10,14,19,21
reasons 15:4
Rebecca 2:5 12:23 14:9 15:18
record 2:10 13:2,10
reference 8:22
reflect 7:20
regarding 10:5
Registration 14:11 15:19
related 14:1
relied 7:19 9:14,18 10:1,4
rely 9:11
relying 9:20
remain 8:24 9:24
report 5:17 6:10,15,22,24 7:12 9:23,23
reported 2:7
Reporter 2:6 10:17,19,23 12:23
REPORTERS 2:13
Reporter's 4:8 12:21
requirements 14:4
Research 2:7 5:23
reserve 10:15
return 13:5
returned 15:2,3,5
right 5:18 6:12
Rottier 1:4,6 3:4,4 4:6 5:4 10:12 12:4,5 13:7,11,12

15:6
rottier@habush.com 3:7 13:14
RUBBER 1:18 12:18
Rule 14:4 15:1,9
Rules 2:9

## S

S 3:1
Sam 6:1,4
same 11:1,14
saying 7:24 8:1
Schultz 9:15,23 10:5,9
seal 11:16
served 15:10
Shorthand 2:6 12:23
show 7:12 8:22,23
showing 8:5
shown 8:17 15:10
shows 9:2
sign 10:16
signature 4:7 11:1 13:4 15:4
some 8:7
someone 7:8
something 7:5
source 7:10,11 9:18,25
sources 7:2
STAR 1:11 12:11
state 2:6 5:5 6:2,4 11:8 11:19 12:23
stated 2:10
STATES 1:1 12:1
stenotype 2:7
still 7:15 8:2,7
Street 3:5 13:12
strike 10:12
submitted 13:3
subscribed 11:13
Suite 2:8 3:10 13:17
survive 9:3
SWIETLIK 3:15 13:22
sworn 2:3 5:2 13:1
S.C 3:4 13:12

## T

table 7:7,16,17 8:1,17,25 9:2
tables 8:20
taken 2:3 13:9 14:2
talking 6:16,16
telephone 3:6,11,17 13:11,13,18,21,24
terms 9:16
testified 5:2
testimony 13:2,9
Texas 2:6,9,9 3:11 5:24 12:23 13:18 14:10 15:18
Thank 10:14
themselves 10:11
therefor 15:4
Third 14:12 15:21
through 11:12
time 13:6,9

TIRE 1:14,17 12:14,17
top 8:16 9:5
transcript 13:1,3 15:8
TRCP 14:4 15:1
TRENT 3:10 13:17
true 11:2 13:2
try 10:3
two 6:3 7:6

## U

under 11:12,16 15:1
understand 5:10,20
UNITED 1:1 12:1
University 6:2,4
used 13:6

## V

v 1:10,13 12:10,13
value 9:16 10:6
values 6:14,22
via 13:11,21
VIRGINIA 1:17 12:17
vocational 9:9,11,12,19 10:1

## W

want 10:19
wanted 6:6
was/was 15:2
weary 6:5
well 7:11 8:9 9:22 10:20
were 9:3
West 3:16 13:23
WESTERN 1:1 12:1
we're 7:7
Wi 3:5,16 13:13,23
WISCONSIN 1:1 12:1
witness 2:2 13:1,2,4,4
word 10:13
work 7:4,12,20,24 8:5,7
working 6:3
worklife 6:24
www.depo.com 2:14

## X

X 4:1

## Y

Yeah 10:3
years 6:3
Yokohama 1:14,15,16,17 1:18 5:8,14 12:14,15,16 12:17,18

## #

#2000 3:5 13:12
#4925 14:10 15:18

## 0

00 13:7

## 1

1.5 6:12,18
100 9:1

11 4:7
11270 3:15 13:22
12-15 4:8
12/31/2018 14:10 15:19
150 3:5 13:12
16 5:18
170 2:8
1700 3:10 13:17

## 2

2 7:17 8:9,18,20,23
20 13:5 15:13
2012 5:21
2016 5:18
2017 1:22 2:4 12:22 14:7
203 14:4 15:1
203.3 15:9
288 2:14

## 3

3 4:4 6:23 7:1,7,11,19 8:3 8:4,21
3:15-cv-00529-wmc 1:3 12:3
3:17 2:5
3:26 2:5 10:25
32 14:11 15:19
3376 2:14
38 8:12,24 9:4

## 4

40 7:24,25
414.577.4000 3:17 13:24
414.577.4400 3:17 13:24

## 5

5 4:6
5th 3:16 13:23
50 7:3 8:13 9:3
500 14:12 15:20
53224 3:16 13:23
53703 3:5 13:13

## 6

608.255.0745 3:6 13:14
608.255.6663 3:6 13:13
6300 2:8
67 7:13 8:5,8,10,12,24

## 7

713.222.2226 3:12 13:19
713.222.2323 3:11 13:18
77002 3:11 13:18
78752 2:9

## 8

800 2:14
818.551.7300 14:13 15:22
818.551.7330 14:13 15:22
82.96 8:11
83 8:9

## 9

9 1:22 12:22

Brian Piper, Ph.D.
February 9, 2017

Atkinson-Baker Court Reporters
www.depo.com

Page 3

**9th** 2:4 14:6
**91203-4725** 14:13 15:21
**919** 3:10 13:17

Brian Piper, Ph.D.
February 9, 2017