IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA J. BELOW, DEBRA BELOW,
CHARLIE ELIZABETH BELOW, PATRICK
JOSHUA BELOW, STAR BLUE BELOW-KOPF
and DEAN HEALTH PLAN, INC.,

                Plaintiffs,                          ORDER

                                                                     15-cv-529-wmc

    v.

YOKOHAMA TIRE CORPORATION,
YOKOHAMA CORPORATION OF
AMERICA, YOKOHAMA CORPORATION
OF NORTH AMERICA, YOKOHAMA TIRE
MANUFACTURING VIRGINIA, LLC, and
YOKOHAMA RUBBER COMPANY, LTD.,

                Defendants.

---

This case is set for a jury trial commencing March 6, 2017. The court held a final pretrial conference on February 28, 2017, at which the parties appeared by counsel. Consistent with the rulings during today's conference, the court issues the following order with respect to the parties' motions and the schedule going forward.

ORDER

IT IS ORDERED that:

1)     Defendants may file by noon tomorrow a 3–5 page brief presenting case law and any new arguments in support of their motion to exclude specific testimony from plaintiffs' expert, Gary Derian, on which the court continues to RESERVE. Plaintiffs may have until 6 p.m. on Thursday, March 2nd, to file a response brief of a similar length. There will be no reply.

1

2) Tomorrow, plaintiffs shall produce Terry Tadysak and Tom Malone for depositions of up to one-hour each. Defendants may file, by the end of the day on Friday, March 3rd, a short brief presenting new evidence from those depositions and related argument in support of their motion for a spoliation instruction, on which the court continues to RESERVE. Plaintiffs may have until Sunday, March 5th at 5 pm to file a response.

3) With respect to defendants' 1st, 2nd and 3rd motions *in limine*, plaintiffs may offer a summary exhibit presenting evidence of belt edge separation warranty claims before the tire was manufactured in 2006 for the purpose of establishing notice of the possible need for an alternative design, but not for notice of a possible manufacturing defect. Should defendants "open the door" by claiming no litigation has arisen out of a tire failure, then plaintiffs may offer an expanded, summary exhibit, including any evidence of similar claims after 2016 as well. Accordingly, those motions are GRANTED in part and DENIED in part.

4) Defendants' 4th motion *in limine* is DENIED. Defendants may make an advance proffer of a curative instruction regarding confidential information to add to the introductory jury instructions on or before noon on Thursday, March 2nd.

5) In light of the court's rulings as to defendants' 1st, 2nd and 3rd motions *in limine*, defendants' 5th motion *in limine* is DENIED as moot.

6) Defendants' 6th motion *in limine* is GRANTED unless defendants open the door with respect to bias during cross-examination of plaintiffs' tire expert. Plaintiffs' counsel must advise the court outside of the presence of the jury if they believe defendants have opened the door.

7) The court continues to RESERVE in part on defendants' 10th and 11th motions *in limine* pending further briefing on the scope of testimony by plaintiffs' expert, Gary Derian. Defendants' may file by noon tomorrow, a limited brief supplementing their reasons to preclude Gary Derian's opinion regarding a reasonable alternative design and a manufacturing defect in the belt curing process, quoting specific language from Derian's deposition. Plaintiffs may have until Thursday, March 2nd at 6:00 p.m. to file a response.

8) The court continues to RESERVE on defendants' 13th motion *in limine* pending further briefing on defendants' spoliation motion as set forth above.

9) Defendants' 15th motion *in limine* is GRANTED with regard to lay opinion testimony as to the cause of the tire failure or Below's injuries during the liability phase of trial. Plaintiffs may offer lay opinion testimony as to injuries Joshua Below would have received had he been held in the vehicle by a seatbelt during the damages phase of trial only.

10) Defendants' 16th motion *in limine* is DENIED as moot.

11) With respect to defendants' 18th motion *in limine*, the parties may file a stipulation as to agreed-upon references to Joshua Below's injuries during the liability phase of trial by the end of the day on Thursday, March 2.

12) Defendants' 20th motion *in limine* is GRANTED with the following clarifications: Dr. Grant's disclosed opinions regarding Below's brain injuries, including those expressed at her deposition, will not be excluded. If either side anticipates the presentation of undisclosed opinion evidence, even in rebuttal, they should bring that to the court's attention outside of the presence of the jury well in advance.

13) Notwithstanding the court's earlier rulings, defendants' 21st motion *in limine* is GRANTED. There will be no references to guardians or guardians ad litum during the liability phase of trial and the caption for purposes of announcing the case at trial shall appear as set forth above.

14) The court adds the following clarification to its ruling on defendants' 23rd motion *in limine*: any witnesses who will not testify during the liability phase of trial may be present in the courtroom during that phase of trial.

15) The court adds the following clarification to its ruling on defendants' 30th and 31st motions *in limine*: Plaintiffs may make a limited, closing argument to the jury as to the reason for strict product liability law, but they must make an advance proffer if they intend to present any further argument with respect to the community's interests or bringing their lawsuit for the purpose of enhancing consumer safety.

16) With respect to plaintiffs' 1st motion *in limine*, defendants may file a brief by Wednesday, March 8th, addressing the relevance during the damages phase of trial, of any evidence regarding the relationship between the Below family and Joshua Below's ex-wife, quoting specific deposition testimony they intend to elicit. Intervenor plaintiff may have until Monday, March 13th, to file a response.

17) Plaintiffs' 4th motion *in limine* is GRANTED in part and DENIED in part as set forth in paragraph (3) above, unless defendants present evidence of a lack of other lawsuits.

18) In light of plaintiffs' withdrawal of their objection as to Jeff Wheeler's testimony, the reserved portion of plaintiffs' 5th motion *in limine* is DENIED.

19) Defendants may file by Friday, March 3rd, a limited brief as to the foundation required for the emergency management and control instruction under Wisconsin law. Plaintiffs may have until Wednesday, March 8th, to file a response.

20) Plaintiffs may have until the end of the day on Monday, March 6th, to file an additional damages instruction with respect to Dr. Davis's testimony. Defendants may have until the end of the day on Wednesday, March 8th, to respond.

21) By noon on Thursday, March 2nd, both parties shall file updated exhibit lists indicating the grounds for any remaining objections. If neither party files an updated exhibit list by that deadline, that party's objections will be treated as withdrawn.

22) The court will hold a telephonic hearing at 9:00 a.m. on Friday, March 3rd, to address objections to exhibits and any other remaining evidentiary issue. Plaintiffs are to initiate that call.

23) Both sides will present a copy of any deposition transcript to opposing counsel at 5 pm on the day before that party intends to use it for impeachment purposes or close of trial that day, whichever is later.

Entered this 28th day of February, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge