IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA J. BELOW, by his Guardian, DEBRA BELOW, CHARLIE ELIZABETH BELOW and PATRICK JOSHUA BELOW,

    Plaintiffs,

and

DEAN HEALTH PLAN, INC.,

    Involuntary Plaintiff,

and

STAR BLUE BELOW-KOPF, by her Guardian ad Litem, TERESA K. KOBELT,

    Intervening Plaintiff,

  v.

YOKOHAMA TIRE CORPORATION, YOKOHAMA CORPORATION OF AMERICA, YOKOHAMA CORPORATION OF NORTH AMERICA, YOKOHAMA TIRE MANUFACTURING VIRGINIA, LLC, and YOKOHAMA RUBBER COMPANY, LTD.,

    Defendants.

OPINION and ORDER

15-cv-529-wmc

---

This opinion is intended to memorialize the court's oral ruling at the trial this morning. At the final pretrial conference in the above-captioned matter, the court continued to reserve on defendants' motion for relief due to spoliation of evidence pending plaintiffs' production of their investigators, Terry Tadysak and Tom Malone, for depositions of up to one-hour each. Following that discovery, the court invited the

parties to file supplemental briefs, which they did over the weekend. (Dkt. #251.) Having the benefit of that briefing, the court continues to reserve on defendants' motion with respect to: (1) the possibility of giving an adverse inference instruction regarding plaintiffs' failure to preserve information about Josh Below's seatbelt usage during the damages phase of trial, including the seatbelt itself and the truck's "Airbag Control Module"; and (2) the possible award of monetary sanctions against plaintiffs' counsel for failing to notify defendants timely of anticipated litigation, the existence of potentially important evidence at a salvage yard, the existence of tire strips collected at the accident scene, and the failure to take adequate steps to preserve possible, relevant evidence.

In their supplemental brief, defendants argue primarily that Mr. Tadysak failed to make any effort to attempt to preserve information from the truck's Airbag Control Module, which may have contained information about "vehicle speed, driver braking and seatbelt status," despite knowing that such information could be critical in a future lawsuit. (Dkt. #266.) The court shares this concern given Tadysak's long-standing, fulsome experience investigating traffic accidents both as a law enforcement officer and as an investigator working for plaintiffs' counsel for several decades. In response, plaintiffs do not address specifically their investigators' failure to preserve the Airbag Control Module, nor any other part of the truck, but argue generally that no further sanctions for plaintiffs' failure to preserve the truck should be imposed beyond what the court has already ordered. (Dkt. #271.)

While the court ultimately agrees with plaintiffs that defendants have still not presented sufficient evidence, from their recent depositions of Tadysak and Malone or

otherwise, to warrant a finding of intentional spoliation or bad faith -- and an adverse inference instruction during the liability phase -- for the reasons already explained in its earlier opinion on defendants' motion (dkt. #225 at 3-6) and at the final pretrial conference, it is plausible that plaintiffs' chief investigator, Tadysak, knew or should have known the potential importance of any evidence that Josh Below was or was not wearing his seatbelt, yet failed to take adequate steps to preserve it. Defendants may, therefore, be able to make a showing of bad faith sufficient to obtain an adverse inference instruction as to the issue of Josh Below's seatbelt usage.

Accordingly, the court will continue to reserve on the possibility of giving an adverse inference instruction regarding the seatbelt issue during the damages phase of trial, at least pending further argument from the parties and possible presentation of additional evidence, including from the investigators, while the jury deliberates on liability. The court will also reserve on the possibility of monetary penalties for this misconduct, as well as plaintiffs' failure to produce timely pieces of rubber secured by plaintiffs' investigators from the scene of the accident. The fact that defendants were not even apprised of this evidence until deposing Tadysak and Malone on March 1, 2017, makes this particularly egregious. Part of this sanction continues to depend on an examination of those rubber pieces by defendants' expert, and his findings as to their possible significance to his opinions in this lawsuit.

Finally, given plaintiffs' counsel's inexplicable failure to notify Yokohama timely of anticipated litigation and make a more concerted effort to preserve the truck, despite identifying Yokohama as a possible defendant early in plaintiffs' investigation of the

accident (as demonstrated by their investigator securing the damaged Yokohama tire when he first inspected the truck at the salvage yard on October 30, 2013), the court also reserves as to any monetary sanctions against plaintiffs' counsel. The issue of appropriate monetary sanctions will also be taken up while the jury decides liability.

ORDER

IT IS ORDERED that the court continues to RESERVE on defendants' motion for relief due to spoliation (dkt. #72) and their related 13th motion *in limine* (dkt. #124).

Entered this 6th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge