IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA J. BELOW, by his guardian, DEBRA BELOW, CHARLIE ELIZABETH BELOW, a minor by her Guardian ad Litem, DANIEL A. ROTTIER, and PATRICK JOSHUA BELOW, a minor by his Guardian ad Litem, DANIEL A. ROTTIER,

      Plaintiffs,      ORDER

                 15-cv-529-wmc

and

DEAN HEALTH PLAN, INC.,

      Involuntary Plaintiff,

and

STAR BLUE BELOW-KOPF, by her Guardian ad Litem, TERESA K. KOBELT,

      Intervening Plaintiff,
 v.

YOKOHAMA TIRE CORPORATION, *et al.*,

      Defendants.

---

  This order addresses a final, pending issue after the jury trial in the above-captioned matter that resulted in a verdict of no liability against defendants. (Dkt. #292.) In earlier opinions addressing defendants' motion for relief due to spoliation of evidence, the court permitted defendants to take additional discovery regarding plaintiffs' efforts to preserve evidence, reserving the possibility of additional sanctions, up to and including monetary penalties against plaintiffs' counsel. (Dkt. ## 251, 274.) While

continuing to be troubled by the failure of the investigators for plaintiffs' law firm to take adequate steps with a third-party salvage yard to preserve what remained of plaintiff Joshua Below's truck (albeit no longer owned by Below) at the time that firm was retained *and* the firm's failure to notify the likely defendants timely of its availability for inspection, even after the investigators had inspected it repeatedly, the court does not find their conduct so egregious as to justify any further sanctions, especially in light of defendants' inability to offer any additional evidence that would support a finding of bad faith, even after taking the depositions of the investigators. Accordingly, the reserved portions of defendants' motion will be denied.

ORDER

IT IS ORDERED that:

1) The reserved portions of defendants' motion for relief due to spoliation of evidence (dkt. # 72) are DENIED.

2) Any other pending motions are DENIED AS MOOT.

3) The clerk of court is directed to enter final judgment consistent with the court's ruling on summary judgment and the jury's trial verdict.

Entered this 9th day of March, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge