IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA J. BELOW, CHARLIE ELIZABETH
BELOW, and PATRICK JOSHUA BELOW,

      Plaintiffs,         OPINION AND ORDER

                       15-cv-529-wmc

and

STAR BLUE BELOW-KOPF,

      Intervenor Plaintiff,

and

DEAN HEALTH PLAN, INC.,

      Involuntary Plaintiff,

 v.

YOKOHAMA TIRE CORPORATION,
YOKOHAMA CORPORATION OF
AMERICA, YOKOHAMA CORPORATION
OF NORTH AMERICA, YOKOHAMA TIRE
MANUFACTURING VIRGINIA, LLC, and
YOKOHAMA RUBBER COMPANY, LTD.,

      Defendants.

---

  In the above-captioned matter, a jury found against plaintiffs on their claims that defendants (collectively "Yokohama") defectively designed or manufactured the tire on plaintiff Joshua Below's vehicle. Before the court is defendants' motion to seal two trial exhibits and certain portions of the trial transcript, which plaintiffs do not oppose. (Dkt. #301.)

OPINION

Federal Rule of Civil Procedure 26(c)(1)(G) provides that upon a showing of "good cause," the court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Although there is a "strong presumption" in favor of public access to records of judicial proceedings, sealing portions of a trial record under Rule 26(c)(1)(G) is appropriate when a party shows "a compelling interest in secrecy, as in the case of trade secrets[.]" *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002).

Defendants move to seal two trial exhibits, DX 817, a Yokohama manual containing instructions and specifications regarding its tire manufacturing process, and DX 821, a manual describing Yokohama's tire quality assurance policies. Yokohama contends that its manufacturing and quality control processes "derive[] independent economic value from not being known to, or readily ascertainable by, Yokohama's competitors," and that if disclosed, this information would provide its competitors with an advantage in the marketplace. (Defs.' Mot. (dkt. #301) at 5.) Because both exhibits DX 817 and DX 821 reasonably appear to contain Yokohama's carefully maintained, confidential trade secret manufacturing and quality control processes and protocols for which there is no compelling interest in favor of public disclosure, the court will grant defendants' motion to seal them. *See Planned Parenthood of Wis., Inc. v. Van Hollen*, No. 13-CV-465-WMC, 2015 1285829, at *8 (W.D. Wis. Mar. 20, 2015) (granting motion to seal exhibits containing plaintiff's "manuals outlining its protocols"); *Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-0298, 2014 WL 792086, at *3 (E.D. Wis. Feb. 25, 2014) (sealing a document may be necessary when its disclosure would provide other firms an "unearned" competitive advantage).

Defendants also move to maintain under seal portions of the trial transcript. Specifically, defendants move to redact a limited portion of the trial testimony of Gerhard Veldman, Yokohama's director of technical and quality assurance, who described technical details about the design of the specific Yokohama tire at issue at trial, as well as details about Yokohama's tire manufacturing and quality control processes. After reviewing defendants' requested redactions, the court is satisfied that the limited portions of the trial transcript that defendants move to seal disclose discrete elements of Yokohama's tire design specifications, manufacturing processes and quality assurance protocols that it is entitled to keep confidential, particularly given that there are no strong competing interests in favor of public disclosure. Accordingly, the court will also grant defendant's motion to seal certain portions of the trial transcript.

ORDER

IT IS ORDERED that:

1) Defendants' unopposed motion to seal certain trial exhibits and portions of the trial transcript (dkt. #301) is GRANTED.

2) The clerk's office is directed to maintain the trial transcript at dkt. #299 under seal.

3) Defendants' redacted version of the trial transcript (dkt. #301-1) is ACCEPTED.

Entered this 12th day of May, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge